Filed 11/12/14 This is second modification. First modification and unmodified version attached

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E058264 |
| v. | (Super.Ct.No. FVI08164) |
| STEVEN VAUGHN ANTHONY, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
|     Defendant and Appellant. | |

The opinion filed in this matter on October 24, 2014, is hereby modified, as follows:

1. On page 3, delete footnote number two in its entirety.

2. On page 4, the last sentence of the first full paragraph should be changed to read as follows:

> If the trial court determines that the defendant meets the criteria of section 1170.126, subdivision (e), the court may, in its discretion, choose to resentence the defendant. (§ 1170.126, subds. (f) & (g).)

Except for this modification, the opinion remains unchanged. This modification does not change the judgment.

CERTIFIED FOR PUBLICATION

RAMIREZ
_____
              Presiding Justice

Filed 10/30/14 First modification, unmodified opn. attached
**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058264 |
| v. | (Super.Ct.No. FVI08164) |
| STEVEN VAUGHN ANTHONY, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

The opinion filed in this matter on October 24, 2014, is hereby modified, as

follows:

On page 3, the text of footnote number 2 is deleted in its entirety to be replaced

with the following new footnote number 2:

> We note that the California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order (see, e.g. *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017, briefing deferred pursuant to rule 8.512(d)(2), Cal. Rules of Court). We also note that recently the Supreme Court granted review in a case where the appellate court found the petition to be appealable. (See, e.g. *People v. Leggett* (2013) 219 Cal.App.4th 846, 854, review granted Dec. 18, 2013, S214264.) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See

*People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].)

Except for this modification, the opinion remains unchanged.  This modification does not change the judgment.

CERTIFIED FOR PUBLICATION

RAMIREZ

Presiding Justice

Filed 10/24/14 (unmodified version)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

STEVEN VAUGHN ANTHONY,

    Defendant and Appellant.

E058264

(Super.Ct.No. FVI08164)

OPINION

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. Affirmed.

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Warren Williams and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant appeals from the superior court's order denying his petition for resentencing under the Three Strikes Reform Act of 2012. As discussed below, we

affirm the court's order denying resentencing on both of defendant's Three Strikes sentences because one of them was imposed for a serious or violent felony.

## PROCEDURAL BACKGROUND

On August 10, 2000, a jury convicted defendant of first degree burglary (Pen. Code, § 459)[1] and second degree burglary (§ 459), along with several other counts, and found true that he had two prior strike convictions (§§ 1170.12, subds. (a)-(d) & 667, subd. (b)-(i)).

On April 11, 2001, the trial court sentenced defendant as a third-striker to 25 years to life for the first degree burglary and a consecutive term of 25 years to life for the second degree burglary, for a total indeterminate sentence of 50 years to life.

On appeal, this court upheld defendant's conviction and sentence but modified the judgment to reflect additional days of custody credits. (*People v. Anthony* (May 31, 2002, E029408) [nonpub. opn.].)

On February 4, 2013, defendant filed a petition for recall of sentence under section 1170.126. On February 15, 2013, the superior court denied the petition. The court found defendant ineligible for resentencing on either of the indeterminate life terms because one of them, for the first degree burglary, was imposed for a serious and/or violent felony under section 1170.126, subdivision (e)(1).

---

[1] All section references are to the Penal Code unless otherwise indicated.

2

This appeal followed.[2]

## DISCUSSION

To understand the issue presented in this case, we must first begin with the portion of the Three Strikes Reform Act that governs the outcome. Section 1170.126, subdivision (e)(1), provides as follows: "(e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

If defendant's only third-strike commitment offense were first degree burglary, which is a serious or violent felony under sections 667.5, subdivision (c)(21) and 1192.7, subdivision (c)(18), this would be an easy case—he would not be eligible for resentencing on that conviction. Similarly, if defendant's only third-strike commitment

---

[2] We note that the California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017, briefing deferred pursuant to rule 8.512(d)(2), Cal. Rules of Court.) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In *People v. Leggett* (2013) 219 Cal.App.4th 846, 854, the appellate court expressed that when a trial court must determine whether the prior convictions qualify under the resentencing provision, such issue is appealable. We will review defendant's appeal.

3

offense were second degree burglary, which is neither a serious nor a violent felony under sections 667.5 and 1192.7, this would also be an easy case—he would be eligible for discretionary resentencing on that conviction.  The problem arises here because defendant is serving consecutive 25-years-to life terms for two different commitment offenses—one a serious or violent felony, and the other not.  Defendant is obviously not eligible for discretionary resentencing on the first degree burglary.  What we must decide here is whether he is eligible for resentencing on the second degree burglary only, given that his other commitment offense is a serious or violent felony.[3]

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act.  Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker.  (§ 1170.126, subd. (f).)  If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may choose to resentence the defendant.  (§ 1170.126, subds. (f) & (g).)

The eligibility criteria provided in section 1170.126, subdivision (e), are as follows:  (1) the inmate is serving a third-strike life term for a felony that is not serious or

---

**3** This issue is pending before the California Supreme Court.  (*Braziel v. Superior Court*, review granted July 30, 2014, S218503; *People v Machado*, review granted July 30, 2014, S219819; *In re Martinez*, review granted May 14, 2014, S216922.)  We publish this opinion to provide guidance to our trial courts in the interim.

4

violent; (2) the inmate has no specified "disqualifying factors" for any current offenses, such as certain sex offenses, drug charges, use of firearms and great bodily injury; and (3) prior offenses do not include specified crimes such as certain sex offenses, homicide crimes, certain assaults on peace officers, and felonies punishable by life imprisonment or death.

Defendant argues that he is eligible under section 1170.126, subdivision (e)(1), because he is serving an indeterminate term of life imprisonment imposed under the Three Strikes law for a felony that was and is not defined as serious or violent, namely, second degree burglary. Defendant asserts that "Nowhere does subdivision (e)(1) suggest that an accompanying serious or violent felony (for which the inmate will be ineligible to seek resentencing) renders the inmate also ineligible to seek resentencing on the ***non-***serious Three Strike felony."

Defendant compares this with the language of section 1170.126, subdivision (e)(2), which makes it very clear that an inmate is made ineligible for resentencing on an otherwise eligible offense if his *aggregate* sentence also includes the specified disqualifying offenses.

To summarize, then, defendant contends the difference in language between section 1170.126, subdivisions (e)(1) and (e)(2) is purposeful, that is, (e)(2) is meant to completely disqualify an *offender* whose aggregate sentence includes the disqualifying offenses, whereas (e)(1) focuses only on the *offense* for which the inmate seeks to be resentenced.

5

The People counter that "an inmate serving an indeterminate term of life imprisonment" for a felony that is not serious or violent does not include an inmate who is serving two life terms—one for a serious/violent felony and another for a non-serious/violent felony. We agree, based on both the language of the statute and the evidence of voter intent.

We first look to section 1170.126, subdivision (a), which sets forth the objective of the statute. "The resentencing provisions under this section and related statutes are intended to apply *exclusively* to *persons* presently serving an indeterminate term of imprisonment [for a non-violent and non-serious felony], whose sentence under this act would *not* have been an indeterminate life sentence" under the Three Strikes law as amended by the 2012 Act. (Italics added.) The use of the terms "exclusively" and "persons" directly supports the People's position that the overall intent of the statute is to exclude from its benefits any persons whose current commitment offenses include a serious or violent felony. This language also contradicts appellant's argument that portions of the act, specifically section 1170.126, subdivision (e)(1), focus only on the offense for which an inmate seeks resentencing, rather than on the offender as a whole, specifically an offender whose current commitment offenses include a serious or violent felony. A "person whose sentence under this act would not have been an indeterminate life sentence" cannot, by definition, include an inmate, one of whose commitment offenses is a serious or violent felony. In other words, an inmate, like defendant, who is serving life terms for one offense not violent or serious and one offense that is violent or

6

serious is not "a person whose sentence under this act would not have been an indeterminate life sentence" under the amended Act.

Second, section 1170.126, subdivision (d) requires the petition for recall of sentence to "specify all of the currently charged felonies, which resulted in the sentence . . . ." This requirement that an inmate list all of his commitment felonies indicates that each of the currently charged felonies affects the inmate's eligibility for resentencing, that the sentencing court must consider all of the inmate's current felonies in making its eligibility determination, not just the felony for which the inmate requests resentencing. In addition, this subdivision clearly uses the term "sentence" to mean the combination of all terms resulting from all of the felonies of which defendant was convicted in the latest proceedings. Viewed in this light, the use of the word "sentence" in section 1170.126, subdivision (a), even more clearly indicates that having a serious or violent felony as one of his commitment offenses disqualifies an inmate from being resentenced on any of his or her indeterminate life sentences.

Third, as set forth by our colleagues in the Fifth District in *People v. Yearwood* (2013) 213 Cal.App.4th 161, the ballot arguments in favor of Proposition 36, which such arguments "have been recognized as a proper extrinsic aid in construing voter initiatives adopted by popular vote," (*Yearwood*, at p. 171) repeatedly and plainly stressed that truly dangerous criminals, namely those convicted of a serious or violent felony, would not receive *any* benefit *whatsoever* from the proposed amendments to the Three Strikes law. Examples of such language in the ballot arguments are: "'Prop. 36 prevents dangerous

7

criminals from being released early'"; "'Prop. 36 will keep dangerous criminals off the streets'"; and "'truly dangerous criminals will receive no benefits whatsoever from the reform.'" (*Yearwood*, at p. 171, citing the Voter Information Guide, Gen. Elec. (Nov. 6, 2012), pp. 52-53.) These arguments indicate an intent by the voters that an inmate convicted of a serious or violent felony in the latest proceedings will not benefit, at all, from the reduced sentencing of the 2012 Act.

As described above, we conclude that both the language of section 1170.126 and the evidence of voter intent support the conclusion that an inmate is not eligible for resentencing under the Three Strikes Reform Act when *any* of the offenses for which he or she is serving a Three Strikes sentence is a serious or violent felony. For this reason, we affirm the superior court's order in this case denying defendant's petition for resentencing.

**DISPOSITION**

The court's ruling is affirmed.

CERTIFIED FOR PUBLICATION

RAMIREZ
    P. J.

We concur:

RICHLI
    J.

MILLER
    J.